## O. POLLARD & CO. *v.* MOBILE SAVINGS BANK.

GARNISHMENT. *Answer. When traverse not necessary. Case in judgment.*

The Mobile Savings Bank, attaching creditors, summoned in garnishment P. & Co., as the debtors of the defendants B., Y. & Co. The garnishees answered admitting an indebtedness not yet due, but stated that they were informed that the debt had been transferred to H., whom they asked to be cited to appear. H. appeared and propounded his claim to the debt under an assignment anterior to the garnishment. The garnishees then obtained leave, and filed an amended answer in which they stated that at the time of the filing of their original answer they had been informed that the debt due by them to B. Y. & Co. had been transferred, and that " they had since learned as a fact that such transfer had really been made by B., Y. & Co. for value before the service of the writ of garnishment upon them, so they say upon their oaths that they were not indebted to B., Y. & Co. in any sum whatever." Thereupon H., the claimant, withdrew his claim, and in open court consented that judgment might be rendered for the amount due in

favor of the attaching creditors and judgment was accordingly rendered. The garnishees appealed to this court, contending that their amended answer, not having been traversed by the plaintiff in garnishment, they should have been discharged. *Held,* that the original and amended answers taken together do not constitute such a denial of indebtedness as would demand a traverse, and when H. withdrew his claim the judgment was properly rendered for the attaching creditors.

APPEAL from the Circuit Court of Chickasaw County.

Hon. J. W. BUCHANAN, Judge.

The case is stated in the opinion of the court.

*Harper & Baskins,* for the appellants.

The court held that although the amended answer denied all indebtedness to the defendants, yet as it appeared that the garnishees owed somebody he did not see how they could be injured by having a judgment rendered against them. We submit that this is a wrong principle sought to be established for the first time in our State.

*Calhoon & Green,* on the same side.

To state this case is to decide it. By the amended answer all indebtedness was denied. This answer was filed by leave of court upon reasons shown. There was no contest of its truth, but a motion for judgment on it. It would seem that the reason for sustaining this motion was that garnishee had not paid the money into court and the consent of the other parties. Garnishee denied all indebtedness. There was no necessity of paying money into court. Sect. 2449 of Code 1880 applies only where an indebtedness is admitted, and it is suggested that another claims the money. Sect. 2451, Code, is the section applicable here if the plaintiff did not admit the truth of the answer.

*No counsel* for the appellee.

CHALMERS, J., delivered the opinion of the court.

The Mobile Savings Bank summoned in garnishment Pollard & Co., as the debtors of Bush, Yates & Co.

The garnishees answered, admitting an indebtedness not yet due of about $4,200, but stating that they had been informed

that the debt had been assigned to one Harrison, whom they prayed might be cited to appear and propound his claim, if any he had. Summons being issued to Harrison he filed his answer, claiming the debt by an assignment anterior to the garnishment. Several terms after this the garnishees asked and obtained leave to file an amended answer in which they represented that at the time of the filing of their original answer they had been informed that the debt due by them to Bush, Yates & Co. had been transferred "and that they had since learned as a fact that such transfer was really made by Bush, Yates & Co., for value before the service of the writ of garnishment upon them in this cause, so they say upon their oaths that at the time of the service of garnishment upon them they were not indebted to the defendants, Bush, Yates & Co., in any sum whatever."

Upon the filing of this answer, Harrison, the claimant of the debt garnished, withdrew his claim and in open court consented that judgment for the amount due might go in favor of the attaching creditor, the Mobile Bank, and such judgment was thereupon entered. The garnishees appeal. Their contention is that by their amended answer they had denied all indebtedness at the time of garnishment, and were therefore entitled to be discharged in the absence of any traverse of the answer. This position is not borne out by the record. By their original answer they admitted an indebtedness which they had heard had been transferred to Harrison. By their amended answer they declare that they have now learned positively that such transfer to wit, the transfer to Harrison, had taken place before they were garnished, and therefore they argumentatively deny that they owed the defendants anything at the time of the garnishment. This is plainly equivalent to saying that they had owed the defendants a debt which by transfer they now owe to Harrison. When, therefore, Harrison came in and released his claim, and consented that the attaching creditor might have judgment the garnishees cannot complain.

At the time of the filing of the amended answer the debt had matured, and under sect. 2449 of the Code it was the duty of the garnishees to have paid the money into court. This obligation they evidently sought to avoid by an argumentative denial that they were indebted; but looking at both of their answers together it is evident that they either owed the defendants or Harrison. By the withdrawal of Harrison's claim and his consent that they might pay to the attaching creditor, they were left without any defence whatever.

Judgment affirmed.